*Ninth Circuit Case No. 14-55113*

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
_____

SAFARI CLUB INTERNATIONAL AND JOHN WHIPPLE,
*Plaintiffs/Appellants*,

vs.

DR. LAWRENCE P. RUDOLPH
*Defendant/Appellee.*
_____

On Appeal from the
United States District Court for the Central District of California
SACV13-01989 JVS (ANx)
_____

## APPELLANTS' OPENING BRIEF
_____

Vince M. Verde, CA Bar No. 202472
Richard Y. Chen, CA Bar No. 225392
Christian Keeney, CA Bar No. 269533
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
695 Town Center, Suite 1500, Costa Mesa, California 92626
Telephone: (714) 800-7900/Facsimile: (714) 754-7907
*Attorneys for Plaintiff/Appellant Safari Club International*

Joseph J. Nardulli, CA Bar No. 60256
The Wolf Law Firm, A Law Corporation
2995 Main Street, Second Floor, Irvine, California 92614
Telephone: (949)-612-2854/Facsimile: (949)-608-0129
*Attorney for Plaintiff/Appellant John Whipple*

# TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURE STATEMENT (FRAP 26.1) ................................. 1

STATEMENT CONCERNING ORAL ARGUMENT (FRAP 34) ....................... 2

STATEMENT OF JURISDICTION (CIRCUIT RULE 28-2.2) ........................... 3

STATEMENT OF THE CASE ................................................................ 5

STATEMENT OF ISSUES PRESENTED AND STANDARD OF REVIEW ....... 6

STATEMENT OF FACTS ...................................................................... 7

    I.    Ongoing Litigation Between the Parties ..................................... 7

    II.   Defendant's Meeting with SCI President John Whipple ........................... 8

    III.  Defendant Threatens to Publicize and Does Publicize the Illegally Recorded Conversation with Whipple ....................................... 9

SUMMARY OF ARGUMENT ........................................................... 10

ARGUMENT ................................................................................... 12

    I.    PRELIMINARY INJUNTIVE RELIEF STANDARD ........................... 12

    II.   THE DISTIRCT COURT ERRED IN FAILING TO FIND THAT PLAINTIFFS PRESENTED SERIOUS LEGAL QUESTIONS GOING TO THE MERITS ............................... 13

    III.  THE DISTRICT COURT ERRED WHEN IT FAILED TO FIND THAT PLAINTIFFS SATISIFED THE LIKLEHOOD OF SUCCESS FACTOR ....................................... 14

      A.  Defendant's *Deception* In *Secretly* Recording His Conversation With Whipple Evidences Whipple's Reasonable Expectation of Privacy ......... 15

      B.  The District Court Improperly Discounted Whipple's Reasonable Expectation of Privacy Simply Because the Subject Conversation Took Place at A Restaurant ............................................... 15

IV. THE DISTRICT COURT'S FAILURE TO FIND THAT THE BALANCE OF HARDSHIPS TIPPED SHARPLY IN PLAINTIFFS' FAVOR CONSITTUTES AN ABUSE OF DISCRETION BECAUSE DEFENDANT'S BARE DESIRE TO ENGAGE IN FURTHER CRIMINAL CONDUCT IS NOT A COGNIZABLE HARDSHIP.......... 17

V. THE DISTRICT COURT ABUSEED ITS DISCRETION IN NOT FINDING THAT THE PUBLIC INTEREST WEIGHS STRONGLY IN PLAINTIFFS' FAVOR BECAUSE DEFENDANT'S CRIMINAL CONDUCT DOES NOT SERVE THE PUBLIC INTEREST ................. 19

VI. THE DISTRICT COURT'S FAILURE TO FIND THAT THE IRREPARABLE HARM FACTOR STRONGLY FAVORS PLAINTIFF CONSTITUTES AN ABUSE OF DISCRETION.................................... 21

VII. CONCLUSION ........................................................................ 23

STATEMENT OF RELATED CASES (CIRCUIT RULE 28-2.6) ..................... 24

CERTIFICATE OF COMPLIANCE (CIRCUIT RULE 32-1) ............................ 25

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Alliance for the Wild Rockies v. Cottrell*
   632 F.3d 1127 (9th Cir. 2011)..............................................................11, 13, 14

*Anglers of the AU Sable v. U.S. Forest Service*
   402 F. Supp. 2d 826 (E.D. Mich. 2005) ..........................................................21

*Evans v. Shoshone-Bannock Land Use Policy Com'n* (2013)
   736 F.3d 1298 ....................................................................................................7

*In re Sealed Case*
   737 F.2d 94 (D.C. Cir. 1984) ..........................................................................16

*Michaels v. Internet Entertainment Group, Inc.*
   5 F.Supp.2d 823 (C.D. Cal. 1998)...................................................................21

*Sak v. City of Aurelia, Iowa* (N.D. Iowa 2011)
   832 F.Supp.2d 1026 ........................................................................................18

*Silver Sage Partners, Ltd. v. City of Desert Hot Springs*
   251 F.3d 814 (9th Cir. 2001)............................................................................22

*Stessman v. Am. Black Hawk Broadcasting*
   416 N.W.2d 685 (Iowa 1987)...........................................................................17

*Turnbull v. American Broadcasting Cos.*
   2004 WL 2924590 (C.D. Cal. Aug. 19, 2004)..................................................16

*United States v. Jackson*
   588 F.2d 1046 (5th Cir. 1979)..........................................................................16

*United States v. Nutricology, Inc.*
   982 F.2d 394 (9th Cir. 1992)............................................................................22

*United States v. Roth*
   912 F.2d (9th Cir. 1989)....................................................................................4

*Winter v. Natural Resources Defense Council, Inc.*
    555 U.S. 7 (2008)........................................................................10, 13

*Woratzeck v. Arizona Board of Executive Clemency*
    117 F.3d 400 (9th Circ. 1997) .............................................................4

**CALIFORNIA CASES**

*Kight v. CashCall, Inc*.
    200 Cal.App.4th 1377 (Cal. Ct. App. 2011) ......................................20

*Lieberman v. KCOP Television, Inc.* (2003)
    110 Cal.App.4th 156 ...........................................................................16

**FEDERAL STATUTES**

28 U.S.C. § 1292(a)(1)................................................................................4

28 U.S.C. § 1332....................................................................................3, 6

28 U.S.C. § 1441....................................................................................3, 6

**CALIFORNIA STATUTES**

California Penal Code § 632 ......................................5, 6, 11, 13, 14, 16, 18, 20, 22

California Penal Code § 637 .......................................... 5, 6, 12, 18, 19

**OTHER AUTHORITIES**

Federal Rule of Appellate Procedure, Rule 26.1 .....................................1

Federal Rule of Appellate Procedure, Rule 28-2.2 .................................3

Federal Rule of Appellate Procedure, Rule 28-2.6 ...............................24

Federal Rule of Appellate Procedure, Rule 32 .....................................25

## CORPORATE DISCLOSURE STATEMENT (FRAP 26.1)

Pursuant to Federal Rule of Appellate Procedure 26.1, Appellant Safari Club International discloses that no parent corporation or publically held corporation owns 10% or more of its stock.

Dated:  February 27, 2014          Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  */s/ Vince M. Verde*  _____
Vince M. Verde
Richard Y. Chen
Christian Keeney

Attorneys for Plaintiff/Appellant
Safari Club International

Dated:  February 27, 2014          Respectfully submitted,

THE WOLF LAW FIRM, A LAW CORPORATION

By:  */s/ Joseph J. Nardulli*  _____
Joseph J. Nardulli

Attorneys for Plaintiff/Appellant
John Whipple

## <u>STATEMENT CONCERNING ORAL ARGUMENT (FRAP 34)</u>

Appellants submit that oral argument should be permitted to aid the Court's decisional process.

Dated: February 27, 2014   Respectfully submitted,

           OGLETREE, DEAKINS, NASH,
           SMOAK & STEWART, P.C.

           By: *<u>/s/ Vince M. Verde</u>*
             Vince M. Verde
             Richard Y. Chen
             Christian Keeney

           Attorneys for Plaintiff/Appellant
           Safari Club International

Dated: February 27, 2014   Respectfully submitted,

           THE WOLF LAW FIRM, A LAW
           CORPORATION

           By: *<u>/s/ Joseph J. Nardulli</u>*
             Joseph J. Nardulli

           Attorneys for Plaintiff/Appellant
           John Whipple

## STATEMENT OF JURISDICTION (CIRCUIT RULE 28-2.2)

Shortly after Defendant Dr. Lawrence P. Rudolph ("Defendant"), removed this action from the Superior Court of California for the County of Orange, the United States District Court for the Central District of California ("District Court"), the District Court issued an Order to Show Cause ("OSC") regarding subject matter jurisdiction. [Appellants' Excerpts of Record ("AER") 010.] Specifically, the District Court expressed concern that the applicable amount of controversy for diversity jurisdiction was not satisfied. [AER 010.] In response, Plaintiffs Safari Club International ("SCI") and John Whipple ("Whipple") (collectively "Plaintiffs") argued that the amount in controversy was not satisfied [AER 086-094] and Defendant argued the opposite [AER 078-085]. On January 16, 2014, the District Court dissolved the OSC and found that diversity jurisdiction existed pursuant to 28 U.S.C. §§ 1332 & 1441. [AER 008-009 ("January 16, 2014 Subject Matter Jurisdiction Ruling".] Specifically, the District Court found that, based on the verified allegations in Plaintiffs' original Complaint, the amount in controversy exceeded $75,000. [AER 008-009] Further, Plaintiffs and Defendant are citizens of different states. Specifically, at the time that this matter was removed, Plaintiff Whipple was a citizen of California; Plaintiff SCI was a citizen of Arizona and Defendant Dr. Lawrence P. Rudolph ("Defendant")

was a citizen of Pennsylvania. [AER 146-155 (Plaintiffs' Original Complaint at ¶¶ 1-3.)]

On January 16, 2004, the District Court entered an order: (1) denying Plaintiffs' application for a preliminary injunction to preliminarily enjoin Defendant from disseminating a video recording of an extended conversation that he had with Whipple on February 20, 2013 ("Video") and (2) providing that the Temporary Restraining Order restraining Defendant from disseminating the Video ("TRO") would be dissolved at 5:00 p.m. on January 17, 2014. [AER 001-007 ("January 16, 2014 Preliminary Injunction Order")] On January 16, 2014 and pursuant to 28 U.S.C. § 1292(a)(1), Plaintiffs timely appealed the Order. [AER 061-077 ("Notice of Appeal")] Pursuant to 28 U.S.C. § 1292(a)(1), this Court has jurisdiction over Plaintiffs' appeal of both the portion of the January 16 Order denying Plaintiff's Preliminary Injunction Application and the portion of the January 16 Order dissolving the TRO. [28 U.S.C. § 1292(a)(1); *United States v. Roth*, 912 F.2d, 1131-1132-33 (9th Cir. 1989); *Woratzeck v. Arizona Board of Executive Clemency* 117 F.3d 400, 402 (9th Circ. 1997).]

## STATEMENT OF THE CASE

On December 18, 2013, Plaintiffs filed a lawsuit against Defendant in the Superior Court of California for the County of Orange ("Superior Court"). [AER 146-155] Plaintiffs' original complaint asserted the following causes of action: (1) Invasion of Privacy in Violation of California Penal Code sections 632 & 637.2 and (2) Injunctive Relief. [AER 146-155] On February 3, 2014, Plaintiff filed a First Amended Complaint ("FAC") which asserts the following causes of action: (1) Invasion of Privacy in Violation of California Penal Code sections 632 & 637.2; (2) Injunctive Relief; (3) Negligence Per Se; (4) Invasion of Common Law Right of Privacy; (5) False Light Invasion of Privacy; (6) Intentional Infliction of Emotional Distress and (7) Negligent Infliction of Emotional Distress. [AER 015-031]

Plaintiffs' claims stem from Defendant's decision to illegally videotape and record a conversation that he had with Whipple without Whipple's knowledge or consent in distinct violation of California Penal Code §§ 632 and 637.2 (the "Video"). [AER 015-031] On December 19, 2013, Plaintiffs sought and obtained a temporary restraining order ("TRO") from the Superior Court preventing Defendant from disseminating the Video. [AER 011-014] In turn, the Superior Court scheduled a preliminary injunction hearing for January 3, 2014. [AER 012]

-5-

On December 22, 2013, Defendant removed this action to the District Court pursuant to 28 U.S.C. §§ 1332 & 1441. [AER 142-145] On January 16, 2004, the District Court entered an order: (1) denying Plaintiffs' application for a preliminary injunction to preliminarily enjoin Defendant from disseminating the Video and (2) providing that the TRO preventing Defendant from disseminated the Video would be dissolved at 5:00 p.m. on January 17, 2014. [AER 001-007 ("January 16, 2014 Preliminary Injunction Order")] On January 16, 2014 Plaintiffs timely appealed the January 16, Order. [AER 061-077]

## STATEMENT OF ISSUES PRESENTED AND STANDARD OF REVIEW

Did the District Court err in denying Plaintiffs' Application for a Preliminary Injunction restraining Defendant from disseminating a video recording of a conversation between Defendant and Plaintiff Whipple which Defendant secretly recorded without Whipple's prior knowledge or consent in violation of California Penal Code §§ 632 and 637.2?

Did the District Court err in dissolving the temporary restraining order restraining Defendant from disseminating a video recording of a conversation between Defendant and Plaintiff Whipple which Defendant secretly recorded without Whipple's prior knowledge or consent in violation of California Penal Code §§ 632 and 637.2?

A District Court's order denying an application for preliminary injunction is reviewed under an abuse of discretion standard. [*See, e.g., Evans v. Shoshone-Bannock Land Use Policy Com'n* (2013) 736 F.3d 1298, 1301-02.] However, a court's underlying factual findings are reviewed for clear error and its underlying legal conclusions are reviewed *de novo*. [*Id.* at 1302.]

## STATEMENT OF FACTS

This lawsuit stems from Defendant's unlawful attempt to gain leverage in ongoing litigation between himself and SCI by illegally recording a conversation between himself and SCI's then President, John Whipple, at a restaurant in Orange County, California.

## I.    Ongoing Litigation Between the Parties

SCI is an international hunting and wildlife conservation organization with approximately 50,000 members and 194 chapters in 26 countries. [AER 017, (Plaintiffs' First Amended Complaint ("FAC") ¶ 6]    Defendant served as President of SCI between 2009 and 2011. [AER 017, FAC ¶ 10]  On or about August 2012, SCI expelled Defendant for breaching his duties of loyalty, care, and fair dealing to SCI.  [AER 017, FAC ¶¶ 12-13]  On November 21, 2012, Defendant sued SCI and several SCI officers, including Whipple, in the United States District Court for the Western District of Pennsylvania, Case No. 2:12-cv-01710-AJS ("Pennsylvania Action"), for alleged defamation related to his expulsion.  [AER

017, FAC ¶ 15; AER 126-136, Court Docket in U.S.D.C. Case No. 2:12-cv-01710-AJS, Western District of Pennsylvania]  On August 20, 2013, after the individual defendants were dismissed from the Pennsylvania action, Defendant sued those same individual defendants in the United States District Court for the District of Wyoming, Case No. 2:13-cv-00181-ABJ ("Wyoming Action").  [AER 123-141]

## II.    **Defendant's Meeting with SCI President John Whipple**

After Defendant initiated the Pennsylvania Action, he requested to meet with Whipple, who he had known for approximately 12 years. [AER 018, FAC ¶¶ 16-17]   At that time, Whipple considered Defendant to be a friend and thought Defendant also considered him to be his friend. [AER 018, FAC ¶ 20]   On February 20, 2013, while Defendant was in Southern California for business, Defendant and Whipple met at a restaurant called Wineworks for Everyone, located at 26342 Oso Parkway, Suite 103, Mission Viejo, California. [AER 018, FAC ¶¶ 21-22]  The meeting at Wineworks for Everyone lasted roughly five hours, during which time Defendant and Whipple had several glasses of wine.  [AER 018, FAC ¶ 23]   After some "small talk", Defendant eventually turned their conversation towards the facts and circumstances of the ongoing litigation between Defendant and SCI.  [AER 018-019, FAC ¶ 24]

Whipple reasonably expected that this conversation between apparent friends was private. Whipple and Defendant conducted their conversation at a

volume and distance such that no other patrons of the restaurant were within "earshot" of their conversation. [AER 018-019, FAC ¶¶ 24-25, 29] When a waiter or waitress approached their table during their conversation, Defendant and Whipple stopped talking altogether or about anything substantive. [AER 019, FAC ¶ 26] Unbeknownst to Whipple, Defendant secretly recorded audio and video of the entire conversation between him and Whipple. Defendant never informed Whipple that he wanted to record their conversation, was recording their conversation, or did record their conversation. [AER 019, FAC ¶¶ 27-28] Defendant never asked for, or obtained, Whipple's consent to record their conversation. [AER 019, FAC ¶ 28]

## III. <u>Defendant Threatens to Publicize and Does Publicize the Illegally Recorded Conversation with Whipple</u>

Defendant took the illegally-obtained recording of his February 20th conversation with Whipple and provided it to his attorneys. [AER 019, FAC ¶ 31] Subsequently, Defendant's attorneys disclosed the existence of this recording to counsel for SCI. [AER 019, FAC ¶ 31] Defendant's attorneys also provided the illegally-obtained recording to a reporting service to prepare a transcript of Whipple and Defendant's conversation. [AER 019-020, FAC ¶ 31] In addition, Defendant informed SCI that excerpts of the video recording were used to create a video for public dissemination. [AER 019, FAC ¶ 31] Indeed, Defendant and his

attorneys threatened to post the audio and video recording of the conversation on the internet. [AER 019-020, FAC ¶¶ 31-32] After the District Court issued the January 16, 2014 Order and Plaintiffs timely appealed the same, Defendant carried out his threat and disseminated excerpts of the illegally obtained recordings to the general public, including posting the same on various internet sites. [AER 020, FAC ¶ 34]

## SUMMARY OF ARGUMENT

The District Court's January 16 Order denying Plaintiffs' Application for a Preliminary Injunction constitutes an abuse of discretion. It is well-settled that a "plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." [*Winter v. Natural Resources Defense Council, Inc.* (2008) 555 U.S. 7, 20.] Alternatively, if a plaintiff satisfies the third and fourth *Winter* factors, preliminary injunctive relief is also appropriate when a plaintiff demonstrates that serious questions going to the merits are raised and the balance of hardships tips sharply in plaintiff's favor. [*Alliance for the Wild Rockies v. Cottrell* (9th Cir. 2011) 632 F.3d 1127, 1134-35.]

*First*, Plaintiffs have presented serious legal questions going to the merits of their lawsuit. Here, Plaintiffs' lawsuit indeed presents a serious question regarding

whether a party may: (1) violate California Penal Code sections 632 ("Section 632") and 637.2 by recording/videotaping another party without their consent and (2) then compound their criminal conduct by utilizing the illegally obtained recording in violation of Section 632(d). Accordingly, Plaintiffs satisfied the likelihood of success factor.

*Second*, the District Court's determination that Plaintiffs did not satisfy the likelihood of success factor merely because the illegally recorded conversation took place in a restaurant is an abuse of discretion. Applicable case law makes clear that the presence of others during an illegal recording does not vitiate an individual's reasonable expectation of privacy. Further, Defendant's decision to *secretly* record his conversation with Whipple underscores that Defendant fully understood Whipple's reasonable expectation of privacy and *took advantage of the same*.

*Third*, the balance of hardships tips sharply in Plaintiffs' favor. Indeed, Defendant's only potential hardship is that a preliminary injunction would deny him the ability to engage in further criminal conduct by utilizing the illegally obtained Video in the Pennsylvania and Wyoming Actions. However, a bare desire to engage in criminal conduct does not constitute a cognizable hardship. In contrast, Plaintiffs demonstrated that they would suffer a cognizable hardship via Defendant's unlawful dissemination of the illegally obtained video.

-11-

*Fourth,* the public interest factor tips sharply in Plaintiffs' favor. The public interest would not be served by allowing Defendant to engage in further criminal conduct by disseminating the illegally obtained video. In stark contrast, a preliminary injunction would serve California's strong interest, embodied in California Penal Code section 637, in protecting its residents from being recorded without their prior knowledge and/or consent.

*Fifth* the irreparable harm factor also tips sharply in Plaintiffs' favor. The only potential harm to Defendant is that a preliminary injunction would prevent him from engaging in further criminal conduct by disseminating the illegally obtained Video. In contrast, Defendant's continued violation of Whipple's privacy rights constitutes irreparable harm. Moreover, Defendant's decision to carry out his threat to disseminate the illegally obtained video has already caused Plaintiffs' irreparable harm and this harm will continue unless a preliminary injunction is put in place. Accordingly, the District Court erred in denying Plaintiffs' Application for a Preliminary Injunction.

## ARGUMENT

## I. PRELIMINARY INJUNTIVE RELIEF STANDARD

It is well-settled that a "plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities

tips in his favor, and that an injunction is in the public interest." [*Winter v. Natural Resources Defense Council, Inc.* (2008) 555 U.S. 7, 20 ("*Winter*").] Alternatively, if a plaintiff satisfies the third and fourth *Winter* factors, preliminary injunctive relief is also appropriate when a plaintiff demonstrates that serious questions going to the merits are raised and the balance of hardships tips sharply in plaintiff's favor. [*Alliance for the Wild Rockies v. Cottrell* (9th Cir. 2011) 632 F.3d 1127, 1134-35 ("*Cottrell*").]

## II.  THE DISTIRCT COURT ERRED IN FAILING TO FIND THAT PLAINTIFFS PRESENTED SERIOUS LEGAL QUESTIONS GOING TO THE MERITS

While the District Court acknowledged that, under *Cottrell,* the likelihood of success factor could be satisfied via a showing of serious questions going to the merits, it failed to analyze whether Plaintiffs raised serious questions going to the merits. [AER 004-005] Here, Plaintiffs' lawsuit indeed presents a serious question regarding whether a party may: (1) violate California Penal Code sections 632 ("Section 632") and 637.2 by recording/videotaping another party without their consent and (2) then compound their criminal conduct by utilizing the illegally obtained recording in violation of Section 632(d). Stated differently: may a party who violated Section 632 compound their criminal conduct by disseminating illegally contained recordings <u>during the course of active litigation</u>

-13-

which is designed to hold him accountable for his criminal conduct? Here, Defendant unlawfully recorded the Video in an apparent effort to gain an advantage in the Pennsylvania and Wyoming Actions---a planned course of action which manifestly violates Section 632(d). This constitutes a serious legal question which satisfies the *Cottrell* standard.

## III. THE DISTRICT COURT ERRED WHEN IT FAILED TO FIND THAT PLAINTIFFS SATISIFED THE LIKLEHOOD OF SUCCESS FACTOR

In determining that Plaintiffs failed to establish a likelihood of success on the merits, the District Court relied on its determination that "there is no reasonable expectation that the communications between Whipple and [Defendant] would be free from recording or being overheard by others." [AER 004] The District Court relied on the fact that the Video was recorded at a restaurant and that, in its view, Whipple did not take steps to ensure confidentiality. [AER 004-005] The underlying assumption in the District Court's analysis is that, because the conversation took place in a restaurant, Whipple should have expected that the conversation would be overhead or recorded. However, the District Court's analysis is fatally flawed.

-14-

**A.    Defendant's *Deception* In *Secretly* Recording His Conversation With Whipple Evidences Whipple's Reasonable Expectation of Privacy**

It is undisputed that Defendant *secretly* recorded his February 20 conversation with Whipple without providing him advance notice and/or obtaining his consent. [AER 004]    As such, Defendant *seized, capitalized, and took advantage of Whipple's reasonable expectation of privacy*.  Indeed, if Defendant legitimately thought Whipple should have expected that the conversation would be overheard or recorded, Defendant would not have recorded the same *secretly*. Simply put, that Defendant *secretly* recorded this conversation without Whipple's knowledge or consent, confirms that Defendant understood Whipple's expectation of privacy *and took advantage of the same*.

**B.    The District Court Improperly Discounted Whipple's Reasonable Expectation of Privacy Simply Because the Subject Conversation Took Place at A Restaurant**

Further, that the conversation between Defendant and Whipple took place in a restaurant where others were present, does not undermine Whipple's reasonable expectation of privacy.   As the California Court of Appeal observed when construing Section 632: "[t]he presence of others does not necessarily make an expectation of privacy unreasonable . . . ."  [*Lieberman v. KCOP Television, Inc.*

(2003) 110 Cal.App.4th 156, 169; *see also, United States v. Jackson*, 588 F.2d 1046 (5th Cir. 1979) ("No matter where an individual is, whether in his home, a motel room, or a public park, he is entitled to a 'reasonable' expectation of privacy." (citing *Katz v. U.S.*, 389 U.S. 347, 359 (1967)).] Indeed, a number of cases hold that individuals may have a reasonable expectation of privacy for conversations occurring in a public place.

For example, in *In re Sealed Case*, 737 F.2d 94 (D.C. Cir. 1984), the D.C. Circuit reversed a district court's determination that the attorney-client privilege did not apply to communications that occurred on a commercial flight. [*Id.* at 102.] The D.C. Circuit reasoned that, despite the fact that the conversation occurred on a commercial flight, the parties were "talking in 'tones' not likely to be overheard" and that it was "implicit" from the substance of the conversation and the relationship between the parties that they reasonably expected their communications to be confidential. [*Id.*; *see also Turnbull v. American Broadcasting Cos.*, 2004 WL 2924590, at *12 (C.D. Cal. Aug. 19, 2004) ("clandestine recording of a private conversation without the authorization of the parties to the conversation, is often a *per se* invasion of privacy, regardless of whether the conversation could have been overheard by a third party"); *Stessman v. Am. Black Hawk Broadcasting*, 416 N.W.2d 685, 687 (Iowa 1987) (filming in restaurant might be intrusion upon patron's privacy despite restaurant being open

to the public).

In sum, the District Court erred in failing to find that Plaintiffs satisfied the likelihood of success element. As discussed *supra*, the District Court's underlying assumption that Whipple had no reasonable expectation of privacy simply because the subject conversation took place at an intimate restaurant, is incorrect as a matter of law.

**IV.     THE DISTRICT COURT'S FAILURE TO FIND THAT THE BALANCE OF HARDSHIPS TIPPED SHARPLY IN PLAINTIFFS' FAVOR CONSITTUTES AN ABUSE OF DISCRETION BECAUSE DEFENDANT'S BARE DESIRE TO ENGAGE IN FURTHER CRIMINAL CONDUCT IS NOT A COGNIZABLE HARDSHIP.**

In its January 16, 2014 Order, the District Court opined that the "balance of hardship tips marginally in favor of" Plaintiffs and the Defendant would be harmed if he could not utilize the illegally obtained Video in the Pennsylvania and Wyoming Actions. [AER 006] This determination constitutes an abuse of discretion. The District Court did not adequately take into account that California Penal Code section 637(d) expressly prohibits Defendant's use of the illegally obtained Video in subsequent litigation:

> Except as proof in an action or prosecution for violation of this section, no evidence obtained as a result of eavesdropping upon or recording a

-17-

confidential communication <u>in violation of this section shall be admissible in</u> **<u>any</u>** <u>judicial, administrative, legislative, or other proceeding.</u>

[Cal. Pen. Code § 632(d) (emphasis added).] Accordingly, the only potential hardship facing Defendant is that a preliminary injunction <u>will prevent him from engaging in further criminal conduct</u> by utilizing the illegally obtained Video in the Pennsylvania and Wyoming actions. Moreover, a bare desire to engage in criminal conduct cannot be (and indeed is not) a cognizable hardship for purposes of a preliminary injunction analysis as it constitutes an illusory injury. [*See, e.g., Sak v. City of Aurelia, Iowa* (N.D. Iowa 2011) 832 F.Supp.2d 1026, 1046 (observing that the balance of defendant's proffered illusory injury against the very real threat of irreparable injury to Plaintiff was "unequivocally in favor of preliminary injunctive relief").]

In stark contrast to a Defendant whose only hardship is his inability to engage in further criminal conduct, Plaintiffs will (and already have) suffer significant hardship via the threatened and actual dissemination of the illegally obtained Video to the general public. [AER 032-035, (Declaration of Michelle Donovan In Support of Defendant's Opposition to Plaintiff's Motion for Stay Pending Appeal ("Donovan Decl.")¶ 2, Appeal DktEntry 12-2, indicating that illegally obtained Video has been made available to the general public.] Indeed, after the January 16, 2014 Order and Plaintiff's timely appeal, Defendant chose to

-18-

compound his criminal conduct by making the illegally obtained video publicly available. [AER 032-035, Donovan Decl. ¶ 2, Appeal DktEntry 12-2 indicating that illegally obtained Video has been made available to the general public.]

## V. THE DISTRICT COURT ABUSED ITS DISCRETION IN NOT FINDING THAT THE PUBLIC INTEREST WEIGHS STRONGLY IN PLAINTIFFS' FAVOR BECAUSE DEFENDANT'S CRIMINAL CONDUCT DOES NOT SERVE THE PUBLIC INTEREST

In its January 16, 2014 Order, the District Court opined that the public interest only "tips marginally in favor of [Defendant]" because the illegally obtained Video is relevant evidence in the disputes between [Defendant] and [SCI] pending in Pennsylvania and Wyoming. [AER 006] This determination also constitutes an abuse of discretion. Again, the District Court did not take into account that California Penal Code section 637(d) expressly prohibits Defendant's use of the illegally obtained Video in subsequent litigation:

> Except as proof in an action or prosecution for violation of this section, no evidence obtained as a result of eavesdropping upon or recording a confidential communication in violation of this section shall be admissible in any judicial, administrative, legislative, or other proceeding.

[Cal. Pen. Code § 632(d) (emphasis added).] Accordingly, the only interest *vis a vis* Defendant is his *individual* interest in engaging in further criminal conduct by

utilizing the illegally obtained video in the Pennsylvania and Wyoming actions. In turn, threatened criminal conduct does not serve the public interest. Instead, it supports injunctive relief. [*See, e.g.,* Wright & Miller: Federal Practice and Procedure § 2948.4 ("The public interest also may be declared in the form of a statute. A federal statute prohibiting the threatened acts that are the subject matter of the litigation has been considered a strong factor in favor of granting a preliminary injunction").]

In stark contrast to Defendant's *individual* interest in engaging in further criminal conduct, California Penal Code section 632 ("Section 632") protects Californians (such as Whipple) from precisely the criminal conduct engaged in by Defendant. Section 632 provides critical privacy protections for California residents by prohibiting individuals from recording their conversations without their express consent—regardless of the underlying purpose of the obtaining the illegal recording. [*Kight v. CashCall, Inc.*, 200 Cal.App.4th 1377, 1388 (Cal. Ct. App. 2011) (observing that California Penal Code section 632 is designed to prohibit "unconsented-to recording or monitoring regardless of the content of the conversation or the purpose of the monitoring . . . .") (emphasis added); *Anglers of the AU Sable v. U.S. Forest Service*, 402 F. Supp. 2d 826, 839 (E.D. Mich. 2005) (strong public interest in preserving national forests constituted strong public interest for purposes of determining whether preliminary injunctive relief was

warranted in an environmental challenge to proposed federal action).]

Accordingly, the public interest is manifestly better served by adhering to Section 632's critical privacy protections rather than allowing Defendant to engage in further criminal conduct by utilizing the illegally obtained Video in the Pennsylvania and Wyoming actions.

## VI.  THE DISTRICT COURT'S FAILURE TO FIND THAT THE IRREPARABLE HARM FACTOR STRONGLY FAVORS PLAINTIFF CONSTITUTES AN ABUSE OF DISCRETION

In the January 16, 2014 Order, the District Court found that the irreparable harm factor "tips marginally in favor of [SCI]."  [AER 006]   However, the District Court seemed to ignore that violations of parties privacy rights can constitute irreparable harm sufficient to support a preliminary injunction.  [*Michaels v. Internet Entertainment Group, Inc*. 5 F.Supp.2d 823, 842 (C.D. Cal. 1998) (holding that, in context of tape depicting sex acts, "the plaintiffs are entitled to a preliminary injunction prohibiting the dissemination of the Tape in order to prevent a violation of the plaintiffs' state law right of privacy in the contents of the Tape").]

Moreover, Defendant's manifest violation of Section 632 also constitutes evidence of irreparable harm.  [*See, e.g., United States v. Nutricology, Inc.*, 982 F.2d 394, 398 (9th Cir. 1992) (the passage of certain statutes reflect an implied finding that violations will harm the public); *Silver Sage Partners, Ltd. v. City of*

*Desert Hot Springs*, 251 F.3d 814, 827 (9th Cir. 2001) (irreparable harm presumed where defendant engaged in acts prohibited by a statute providing for injunctive relief).]

Finally, Defendant confirmed his intent to irreparably harm Plaintiffs by actually disseminating the illegally obtained Video. Specifically, in January of 2014, Defendant posted the illegally obtained Video on publicly available internet sites. [AER 032, Donovan Decl. ¶ 2, Appeal DktEntry 12-2 indicating that illegally obtained Video has been made available to the general public.] Indeed, Defendant engaged in this conduct even though Plaintiffs timely filed a motion with this court to stay proceedings and timely appealed the portion of the January 16, 2014 Order dissolving the TRO. [AER 039-060, 061-077] In sum, absent preliminary injunctive relief, Defendant will compound his criminal conduct and continue to irreparably harm Plaintiffs by continuing to make the Video publicly available.

///

///

///

///

///

///

///

-22-

**VII.  CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the District Court's Order Denying Plaintiffs' application for a preliminary injunction be reversed and this court issue an order directing the District Court to enter a new order granting Plaintiffs' application for a preliminary injunction.

Dated:  February 27, 2014          Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By:  */s/ Vince M. Verde*
      Vince M. Verde
      Richard Y. Chen
      Christian Keeney

Attorneys for Plaintiff/Appellant
Safari Club International

Dated:  February 27, 2014          Respectfully submitted,

THE WOLF LAW FIRM, A LAW
CORPORATION

By:  */s/ Joseph J. Nardulli*
      Joseph J. Nardulli

Attorneys for Plaintiff/Appellant
John Whipple

## **STATEMENT OF RELATED CASES (CIRCUIT RULE 28-2.6)**

Plaintiffs/Appellants are not aware of any related cases pending in this Court.

Dated: February 27, 2014

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Vince M. Verde*
    Vince M. Verde
    Richard Y. Chen
    Christian Keeney

Attorneys for Plaintiff/Appellant
Safari Club International

Dated: February 27, 2014

Respectfully submitted,

THE WOLF LAW FIRM, A LAW CORPORATION

By: */s/ Joseph J. Nardulli*
    Joseph J. Nardulli

Attorneys for Plaintiff/Appellant
John Whipple

## CERTIFICATE OF COMPLIANCE (CIRCUIT RULE 32-1)

Counsel of Record hereby certifies that pursuant to Rule 32, Federal Rules of Appellate Procedure, the enclosed Opening Brief is produced using a proportionately spaced typeface, Times New Roman, 14 point, including footnotes and contains approximately 5,610 words, which is less than the 14,000 words permitted by this Rule. Counsel relies on the word count of the processing system used to prepare this brief.

Dated: February 27, 2014   Respectfully submitted,

          OGLETREE, DEAKINS, NASH,
          SMOAK & STEWART, P.C.


          By: */s/ Vince M. Verde*
            Vince M. Verde
            Richard Y. Chen
            Christian Keeney

          Attorneys for Plaintiff/Appellant
          Safari Club International

Dated: February 27, 2014   Respectfully submitted,

          THE WOLF LAW FIRM, A LAW
          CORPORATION


          By: */s/ Joseph J. Nardulli*
            Joseph J. Nardulli

          Attorneys for Plaintiff/Appellant
          John Whipple

## CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California; I am over the age of 18 years and not a party to this action. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, California 92626.

On February 27, 2014, I served the following document(s) described as:

### APPELLANTS' OPENING BRIEF

on the persons below as follows:

Patricia P. Hollenbeck
Michelle Hon Donovan
Heather U. Guerena
Jess R. Booth
DUANE MORRIS LLP
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: 619.744.2200
Facsimile: 619.744.2201

Attorneys for Defendant-Appellee,
DR. LAWRENCE P. RUDOLPH

Email: phollenbeck@duanemorris.com
jrbooth@duanemorris.com
mhdonovan@duanemorris.com
huguerena@duanemorrise.com

Joseph J. Nardulli
THE WOLF FIRM, A LAW CORPORATION
2995 Main Street, Second Floor
Irvine, CA 92614-2528
Telephone: 949.612.2854
Facsimile: 949.608.0129

Attorneys for Plaintiff-Appellant,
JOHN WHIPPLE

Email: joseph.nardulli@wolffirm.com

☒ **BY CM/ECF SYSTEM:** With the Clerk of the United States District Court of Appeals for the Ninth Circuit of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System.

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on February 27, 2014, at Costa Mesa, California.

Diane Vo
_____
Type or Print Name

_____
Signature